# TAYLOR, COLICCHIO & SILVERMAN, LLP

PAUL C. TAYLOR
PHILIP M. COLICCHIO †*
THOMAS P. WILD †
ELLEN NUNNO CORBO **◆
SEAN J. KEARNEY †
MICHAEL J. ROBINSON IV †

OF COUNSEL
JEFFREY S. ADLER °
STEPHAN G. BACHELDER ■
LISA A. PIERONI ✓
STEPHEN B. SILVERMAN ✓

COUNSELLORS AT LAW
502 CARNEGIE CENTER
SUITE 103
PRINCETON, NEW JERSEY 08540

(609) 987-0022
FAX: (609) 987-0070

WWW.TCSLAWYERS.COM

PLEASE REPLY TO PRINCETON

NEW YORK OFFICE:
425 FIFTH AVENUE
5TH FLOOR
NEW YORK, NY 10016
212-661-1700
FAX: 212-661-5060

■ ADMITTED IN ME & NY ONLY
° ADMITTED IN PA & OH ONLY
✓ ADMITTED IN NY ONLY
† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NY
◆ ALSO ADMITTED IN DISTRICT OF COLUMBIA

December 11, 2012

The Honorable Michael A. Schipp
United States District Court for the District of New Jersey

Re:   American List Counsel, Inc. v. Andrew Ostroy et al.
      Civil Action No. 3:12-CV-03350-FLW-DEA

Dear Judge Schipp:

This firm represents Plaintiff American List Counsel, Inc. (ALC) in the above captioned matter. On Monday, December 10, 2012, we received the Defendants' Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) & (7). In reviewing the reply, we noted that the Defendants argued that New York law- not New Jersey law- governs the rights of the respective parties in bringing direct or derivative claims in factual circumstances similar to those in this case.

The Defendants did not employ a New York law analysis in the initial Memorandum submitted with their Motion to Dismiss. In fact, they posited arguments based principally upon New Jersey law, while also citing some federal precedent. As such, Plaintiff submitted its Brief in Opposition to the Motion to Dismiss addressing the Defendants' arguments under New Jersey and federal law. The Defendants now argue that New Jersey law does not apply.

The local rules of the United States District Court for the District of New Jersey do not allow for sur-reply briefs after a reply brief without the permission of the Court. Plaintiff now respectfully requests permission to submit a modest sur-reply brief to the Court in order to address the Defendants' arguments under New York law.

Plaintiff has received consent from the Defendants to submit a sur-reply. In giving that consent, however, the Defendants request that the Court be informed of their position that the sur-reply is not necessary, as they contend that their moving papers actually do cite both New York and New Jersey law; because there is no discrepancy for the general legal propositions presented. The Defendants advise us that they addressed the Brown v. Brown case (a New jersey

TAYLOR, COLICCHIO & SILVERMAN, LLP
COUNSELLORS AT LAW

The Honorable Michael A. Schipp
December 11, 2012
Page 2 of 2

case) only to make the Court aware of their position that the holding stands for a legal proposition which deviates from New York law. Otherwise, the Defendants have no objection to a sur-reply.

In the interests of fairness, Plaintiff respectfully requests an opportunity to submit a brief sur-reply of no more than five (5) pages in order to address new arguments raised by the Defendants in their Reply Memorandum. Plaintiff also requests, if the Court deems it necessary, an extension of time beyond the December 17 motion day in order to submit the sur-reply for the Court's consideration.

Very truly yours,

Philip M. Colicchio

cc: Joseph P. LaSala, Esq.