# TAYLOR, COLICCHIO & STUDHOLME, LLP

PAUL C. TAYLOR
PHILIP M. COLICCHIO †*
ANNE L. H. STUDHOLME
THOMAS P. WILD †
ELLEN NUNNO CORBO **
SEAN J. KEARNEY †
MICHAEL J. ROBINSON IV †
OF COUNSEL
JEFFREY S. ADLER °
STEPHAN G. BACHELDER ■
MARK T. CARLIDGE †
MARK L. MANEWITZ *
LISA A. PIERONI ✔
STEPHEN B. SILVERMAN ✔

COUNSELLORS AT LAW
502 CARNEGIE CENTER
SUITE 103
PRINCETON, NEW JERSEY 08540

(609) 987-0022
FAX: (609) 987-0070

WWW.TCSLAWYERS.COM

PLEASE REPLY TO PRINCETON

NEW YORK OFFICE:
425 FIFTH AVENUE
5TH FLOOR
NEW YORK, NY 10016
212-661-1700
FAX: 212-661-5060

■ ADMITTED IN ME & NY ONLY
o ADMITTED IN PA & OH ONLY
✔ ADMITTED IN NY ONLY
† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NY
♦ ALSO ADMITTED IN DISTRICT OF COLUMBIA

June 24, 2013

The Honorable Michael A. Shipp
Clarkson S. Fisher Building & U.S. Courthouse
Court Room 7W
402 East State Street
Trenton, NJ 08608
609-989-2065

Re:   **American List Counsel, Inc. v. Andrew Ostroy et al.**
        **Civil Action No. 3:12-CV-03350-FLW-DEA**

        **Plaintiff's Sur-Reply in Response to Defendants' Submissions on
        Defendants' Motion to Dismiss the Complaint**

Dear Judge Shipp,

We thank the Court for granting us permission to submit a sur-reply in connection with the Defendants' pending Motion to Dismiss the Plaintiff's Complaint in the above-referenced matter. We respectfully submit this Letter Sur-Reply Brief in lieu of a formal Brief in response to the Defendants' submissions on the Motion.

In their Reply Memorandum, the Defendants, Andrew Ostroy and Belardi-Ostroy, Ltd. ("BO"), continue to assert arguments as if the matters at issue in this action are between a disgruntled corporate shareholder and the corporation in which he has a stake, being run by a President or CEO acting with the approval of the corporation's Board of Directors. Nothing could be further from the truth of the situation presented to the Court. Simply put, this action arises out of a dispute between two equal Members - BO and the Plaintiff, American List Counsel, Inc. ("ALC") - of a Limited Liability Company - Belardi/Ostroy ALC, LLC (the "Company") – because the principal of one of the Members has begun running the Company outside the scope of his authority, without the consent and approval of the other Member or the Board of Directors, in violation of Agreements between the Members. The harm being suffered by ALC is direct harm, unique to ALC and not shared by BO, the only other Member/partner; it is not harm derivative in nature or harm being suffered by the Members as a group.

TAYLOR, COLICCHIO & STUDHOLME, LLP
COUNSELLORS AT LAW

Defendants first argue that the Company is an indispensable party because "The Company and ALC Are the Only Parties to the Support Services Agreement." (Defendants' Reply Memorandum, p. 3.) This is completely erroneous. There is no "Support Services Agreement." There is only a support services provision in Article III of the Member Agreement, which formed a significant part of the consideration provided to ALC in exchange for its agreement to fund the Company during its start-up and formative years, when the Company did not have the funds to support itself or pay the salary and benefits of individual Defendant Ostroy. Negotiation of both the Member Agreement and the Operating Agreement was between the two partners who became Members. Renegotiation of any provision of those Agreements, including the support services provision of the Member Agreement, is also a matter between those two founding partners, now Members. Any dispute under the Agreements cannot be between one Member and the principal of the other Member, purporting to act on behalf of the Company without the consent and approval of the only other Member and half of the Board of Directors. The Defendants' entire argument that the Company is an indispensable party with respect to adjudicating claims based on the non-existent "Support Services Agreement" must fail.

Similarly, the Defendants' arguments that ALC's claims against individual Defendant Ostroy are derivative also must fail. ALC is not pursuing claims on behalf of a group of shareholders against a President and CEO of a large corporation who has acted with the knowledge, consent and approval of the corporation's Board of Directors. ALC is pursuing claims against the principal of its equal-partner Member, for taking actions on behalf of the Company outside the scope of his authority, without the knowledge, consent or approval of the Board or the Company's other equal Member (and, at times, over the express objection and disapproval of one of the Company's Members and half of its Board of Directors). ALC has suffered individual, unique harms from Ostroy's actions, which have been focused on advancing the interests of, and attaining greater control of the Company for, BO, at the expense of ALC.

It could not be more basic that ALC's claims are in the nature of the claims of one equal partner against another. Though the Defendants attempt to apply the strictures of old and outdated corporate precedent to the Company (a limited liability company that bears little resemblance to the large business structures that precedent was intended to govern), the flexible and pragmatic approach set forth in Brown v. Brown, 323 N.J. Super. 30 (App. Div. 1999) is the more equitable and legally sound method for classifying this action. The Honorable Darlene J. Pereksta, J.S.C., in granting ALC's Motion to Dismiss the Defendants' New Jersey Superior Court action against ALC, found this compelling and applied the Brown test, holding "[T]his is really, bottom line, a dispute between the two shareholders" of the Company. Nothing that the Defendants have argued changes that plain fact.

Moreover, in their Reply Memorandum the Defendants attempt to avoid the fact that New Jersey law does not support treating this action as a derivative action brought by a shareholder of a corporation against the corporation itself by now, for the first time, asserting that New York law applies to ALC's causes of action and that, under New York law, Defendants' arguments prevail. First, it is telling that the Defendants did not cite a single New York case in the original Brief they filed in support of their Motion, so this new approach is clearly taken in recognition of

TAYLOR, COLICCHIO & STUDHOLME, LLP
COUNSELLORS AT LAW

the fact that the Motion must fail under New Jersey law (as correctly determined by Judge Pereksta in the Defendants' New Jersey Superior Court action). Second, the case law cited by Defendants in support of this new contention does not support the Defendants' new argument.

The New York case cited by the Defendants – Wolf v. Rand, 258 A.D. 2d 401, 403, 685 N.Y.S. 2d 708, 710 (1999), does not refute the Plaintiff's arguments and does not support the Defendants' position. In the portion of the Wolf opinion excerpted by the Defendants, the court addressed situations in which potential damages would be awarded strictly to the corporation, not a particular shareholder. The court reasoned that the action to recover then must be considered derivative and as belonging to the corporation "to prevent impairment of the rights of creditors of the corporation whose claims may be superior to those of the innocent shareholder." In this case, the damages sought are sought on behalf of ALC, the only Member who has suffered or will suffer losses if the Defendants are permitted to terminate ALC as provider of the Company's support services in contravention of the Member Agreement, and to continue to use the Company funds for their own benefit, without the consent and approval of the Company's Board of Directors, resulting in continued monetary gain to Ostroy personally, as well as to BO, the Member of which he is the principal, without equal benefit to ALC, the only other Member of the Company. No other Member has or will suffer harm as a result of the Defendants' actions, and no creditor's rights are implicated.

Consequently, the same outcome is reached whether the law of the state of New Jersey is applied, or the law of the state of New York is applied: this case is based on the claims of one 50% "partner" against another 50% "partner" in a business entity that is supposed to be run in accordance with the terms of written agreements between them, but is instead being operated by one "partner" without the consent and approval of the other "partner" – or the Board of Directors they equally control – to the benefit and financial gain of one "partner" at the cost and expense of the other. The dispute between the two Members does not require the joining of the Company as a party. Moreover, the joining of the Company as a party to litigation, while doing nothing to benefit the litigation, could put the reputation and credit worthiness of the Company itself in jeopardy.

For the foregoing reasons, ALC respectfully requests that the Court deny the Defendants' Motion to Dismiss the Plaintiff's Second Amended Complaint and permit this matter to go forward at this time.

Respectfully submitted,

Philip M. Colicchio
Attorney for the Plaintiff